UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD HURTWITZ,

       Plaintiff,

Case No. 13-14389

Honorable John Corbett O'Meara

v.

SECOND ROUND, L.P.,

       Defendant.

_____/

**ORDER GRANTING**
**DEFENDANT'S NOVEMBER 18, 2013 MOTION TO DISMISS**

This matter came before the court on defendant Second Round's November 18, 2013 motion to dismiss. On November 19, 2013, this court issued a notice that the motion would be determined without oral argument and ordered that a response be filed by December 12, 2013. No response was filed.

Plaintiff Edward Hurtwitz filed this *pro se* complaint against defendant Second Round, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S. C. § 1693; the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681; and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. After having removed the action to this court, defendant Second Round has filed a motion to dismiss for failure to state a claim.

**BACKGROUND FACTS**

Plaintiff's complaint, in its entirety reads as follows:

> To whom it may concern,
>
> For my account, the defendant did not respond to my request for a verification investigation of my debt made early this year per the FCRA and FDCPA. They continued to collect on my debt. The Defendant is responsible for $500+ statutory

> damages per the FCRA and FDCPA. In addition they [*sic*] Defendant continued to call me multiple times on my work and also cell phone which is direct violation of the TCPA for robo calling. Defendant is responsible for statutory damages for each call made.

Compl. at 2.

The complaint fails to state a claim under the FDCPA, as there is no allegation that Plaintiff notified the debt collector in writing within the 30-day period set forth in 15 U.S.C. § 1692g(a) and (b). It also fails to state a claim under the FCRA because it fails to identify the section within the Act that is applicable to the claimed misconduct. See Barkho v. Homecomings Fin., L.L.C., 657 F. Supp. 2d 857, 864 (E.D. Mich. 2009). Finally, the complaint fails to state a claim under the TCPA because it fails to include factual support upon which the court could find that the alleged "robo calls" were used by way of an automatic telephone dialing system; an artificial, prerecorded voice; and/or resulted in two or more lines of a multi-line business being engaged simultaneously as proscribed by 47 U.S.C. § 227(b)(1).

## ORDER

It is hereby **ORDERED** that defendant Second Round's November 18, 2013 motion to dismiss is **GRANTED.**

    s/John Corbett O'Meara
    United States District Judge

Date: January 17, 2014

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, January 17, 2014, using the ECF system and/or ordinary mail.

    s/William Barkholz
    Case Manager